**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VFS Financing Inc., | No. CV 10-2339-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Sea Horse Marine, Inc., et. al., | |
| Defendants. | |

The court has before it plaintiff's motion for default judgment as to defendants Sea Horse Marine, Inc., Wells Fargo Bank, and Oceanografia, (doc. 33). We also have before us defendants' motion to set aside entry of default (doc. 34), plaintiff's response (doc. 35), and defendants' reply (doc. 36).

The clerk entered default against defendants on May 2, 2011 for failure to answer or otherwise appear (doc. 29). That same day, defendants finally filed an Answer (doc. 30). Plaintiff now moves, pursuant to Rule 55(b), Fed. R. Civ. P. for default judgment. Defendants request that we set aside the entry of default. Defendants argue that the entry of default is invalid because the Original Complaint was superseded and the Amended Complaint was not served properly on defendants.

An amended complaint supersedes the original complaint. Forsyth v. Humana, Inc. 114 F.3d 1467, 1474 (9th Cir. 1997). Here, plaintiff filed the Amended Complaint on April

1 7, 2011 (doc. 22). It then applied for an entry of default on April 29, 2011. It is unclear
2 which complaint plaintiff sought default on. However, in the applications' accompanying
3 affidavits, plaintiff cites the affidavits of service of process associated with the original
4 complaint (docs. 26, 27). By filing the Amended Complaint, any request for default as to the
5 Original Complaint was mooted. See Best Western Int'l., Inc. v. Melbourne Hotel Investors,
6 No. CV 06-2276-PHX, 2007 WL 2990132 (D. Ariz. Oct. 10, 2007). Plaintiff must first apply
7 for an entry of default on the Amended Complaint and then move for default judgment. See
8 id. (citing Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986)).

9       Even if plaintiff did obtain an entry of default as to the Amended Complaint, we still
10 must set it aside because defendants were not served properly. Rule 5(a)(2), Fed. R. Civ. P.
11 requires that a pleading asserting new claims for relief be served on a party in default for
12 failing to appear, in the manner provided for under Rule 4. Rule 4 generally requires
13 personal service of a summons with the complaint. Rule 5(a)(2) is applicable because
14 defendants had not appeared before the entry of default and the Amended Complaint asserts
15 new claims for relief. See Employee Painters' Trust v. Ethan Enterprises, 480 F.3d 993, 999
16 (9th Cir. 2007). Although the Amended Complaint alleges the same five causes of action,
17 it relies on new facts and alternative legal theories. For example, in the Original Complaint,
18 plaintiff alleged that defendants were in default because they owed money under the Loan
19 Agreement (doc. 1 ¶ 35). In contrast, in the Amended Complaint, plaintiff admits that
20 defendants paid their delinquent amounts, but alleges default because of a history of "chronic
21 payment failures," among other things (doc. 22 ¶¶ 38, 43). Plaintiff even stated that the
22 Amended Complaint "bring[s] additional defaults" against defendants (doc. 21).

23       Because Rule 5(a)(2) is applicable, plaintiff must comply with Rule 4 before applying
24 for an entry of default. Plaintiffs have not submitted any proof of service of the Amended
25 Complaint. Instead, it appears plaintiff simply mailed a copy of the Amended Complaint to
26 a former address of defendants' New Orleans Counsel. Accordingly, since plaintiff failed to
27 comply with Rule 4 we lack personal jurisdiction over defendants. The entry of default is
28 void. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 854 (9th Cir. 1992).

Therefore, **IT IS ORDERED DENYING** plaintiff's motion for default judgment (doc. 33).  It is **FURTHER ORDERED GRANTING** defendants' motion to set aside entry of default (doc. 34).

The clerk is directed to schedule this case for a Rule 16 conference.

DATED this 14th day of June, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge